CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 11 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES CURTIS GARN, | ) | CASE NO. 7:12CV00007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| DUFFIELD REGIONAL JAIL, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

James Curtis Garn, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that although he recently discovered that he has Hepatitis C, he has not been provided treatment at the Duffield Regional Jail ("the jail"), in violation of his constitutional rights. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Garn alleges the following sparse facts related to his claims. After learning of his Hepatitis diagnosis on December 25, 2011, Garn asked the nurses about getting treatment for the disease. A nurse told him that he "could not get treatment" at the jail because "it is to[o] expensive." The doctor later gave Garn the same information. Garn talked to the captain and other officers, to no avail. He asserts, "[A]ll its doing is getting worse everyday [sic] without me getting treatment that I need and deserve." Garn does not state what form of relief he seeks through this lawsuit.

II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious,

or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981).

The only defendant that Garn has named in this case is the jail. His complaint does not offer any indication, however, that the alleged violations committed against him by jail employees were in furtherance of jail policy. Therefore, his complaint does not allege facts stating any actionable claim against the jail.

Moreover, even if the court allowed Garn to amend to name individual officials as defendants, he does not allege facts stating a constitutional claim against anyone. A prison official's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating

2

treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not generally implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review under § 1983. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, medical malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Garn may be able to prove that he has a serious medical condition, Hepatitis C, and for purposes of this opinion, the court will assume without finding that he suffers from this disease. Garn does not, however, allege facts indicating that jail officials' failure to provide him with treatment of this disease during his incarceration at the jail is creating an excessive risk to his health or safety. Garn states no facts suggesting that any medical professional, at the jail or at any other medical facility, has informed him that his disease requires treatment at this time. Moreover, Garn does not allege that he is experiencing any specific symptoms which cause him discomfort or pain. Nor does he provide any allegation or documentation indicating that any particular treatment for the disease itself is available or appropriate in his present stage of the illness. For these reasons, his current allegations fail to state a claim that he has a serious medical need for treatment at this time.

More importantly, he does not allege facts indicating that jail officials know of any specific treatment mandated by his current condition. Medical officials have informed him,

3

generally, that Hepatitis C treatments are expensive and will not be provided to jail inmates. Unless Garn demonstrates that these officials know that he has a serious medical need for this expensive treatment right now, however, he fails to state a claim that their failure to provide this treatment constitutes deliberate indifference in violation of the Eighth Amendment.

For the reasons stated, the court dismisses Garn's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 11th day of January, 2012.

*/s/ Glen Conrad*
Chief United States District Judge

4

Case 7:12-cv-00007-GEC-RSB   Document 5   Filed 01/11/12   Page 4 of 4   Pageid#: 12